In re Louise EVANS, Debtor.

Louise EVANS and Edward Sparkman, Esquire, Plaintiffs,

v.

UNION MORTGAGE COMPANY, Defendant.

Bankruptcy No. 90–10543S.
Adv. No. 90–0704S.

United States Bankruptcy Court, E.D. Pennsylvania.

Nov. 14, 1990.

Gary Klein, Community Legal Services, Inc., Philadelphia, for plaintiff-debtor.

Edward Sparkman, Philadelphia, Pa., pro se.

Wendell Grimes, Philadelphia, Pa., for defendant.

ORDER

DAVID A. SCHOLL, Bankruptcy Judge.

AND NOW, this 14th day of November, 1990, upon receipt of the Defendant's timely withdrawal of its Proof of Claim and upon consideration of the Plaintiffs' Motion to Alter or Amend Judgment and/or to Reopen the Record ("the Motion"), it is hereby ORDERED as follows:

1. The Motion is DENIED. Our prior decision, at 114 B.R. 434 (Bankr.E.D.Pa. 1990), never held without reservation ("probably") that the Debtor was Mr. Cousin's daughter. In that decision, we questioned her credibility and made clear that we would probably not consider any claims on the contract in issue until Cousin's estate was administered. 114 B.R. at 437, 438. With respect to reopening the record, we note that the Debtor insisted on proceeding on October 18, 1990, and provided no testimony or evidence to bolster her credibility, which she knew was in issue. After a verdict, "new" evidence available at the time of trial should rarely be admitted. *See In re Pinto*, C.A. No. 89–3233 (E.D.Pa. August 18, 1989). It would also

unfairly prejudice the Defendant, which withdrew its claim in reliance upon our decision of October 24, 1990, 120 B.R. 817, prior to the filing of this motion, to reconsider that decision.

2. Judgment is entered in favor of the Defendant, UNION MORTGAGE COMPANY, and against the Debtor–Plaintiff, LOUISE EVANS.

3. This proceeding is DISMISSED.